UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:20-cv-227-JSM-PRL

DAVID POSCHMANN,

        Plaintiff,
v.

UNIFIED ENTERPRISES, LLC

        Defendant.
_____/

## PLAINTIFF'S MOTION FOR CONTEMPT AND FOR ATTORNEYS' FEES AND SANCTIONS

Plaintiff, David Poschmann, by and through his undersigned counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure, files his Motion for Contempt and for Attorneys' Fees and Sanctions ("Motion") and in support thereof states as follows:

### I. INTRODUCTION/BACKGROUND

This is an action for injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). Plaintiff seeks an injunction compelling Defendant, the owner and operator of the "Mount Dora Historic Inn and Cottages" ("Hotel"), to modify its policies, practices or procedures so that the online reservations service ("Reservations Service") for the Hotel, found at both www.mountdoracottages.com and www.mountdorahistoricinn.com, is compliant with the requirements of the ADA, specifically the requirements set forth in 28 C.F.R. § 36.302(e)(1) "Modifications in Policies, Practices, or Procedures".

As stated in the January 20, 2021 Order (DE 23 at p. 4) denying the parties' motions for summary judgment, "Defendant admits that it does not have any ADA accessible rooms or features and claims that it is exempt from the ADA's requirements because its Hotel is historic". The Court rejected Defendant's exemption argument, confirming that historic properties are required to comply with the ADA to the extent feasible pursuant to 28 C.F.R § 36.405(a), and, to the extent not feasible, alternative means of access shall be provided pursuant to section (b) (DE 23 at p. 3-4).

Based upon the foregoing, the Court ruled that Plaintiff's Motion for Summary Judgment was not appropriate at that time since the record did not contain evidence of the required alterations and, if such alterations are not feasible, the required alternative methods of access (DE 23 at p. 5). Once the extent of said required compliance is determined, the specific information and disclosures required by 28 C.F.R. § 36.302(e)(1) to be included on the Reservations Service can be determined and, in turn, incorporated into an injunction.

In light of the foregoing, on January 21, 2021 (the day after the above-described order was entered), Plaintiff served Defendant with "Plaintiff's Request to Defendant Pursuant to Rule 34", attached hereto as Exhibit "A", and "Plaintiff's First Request for Production to Defendant", attached hereto as Exhibit "B". After Defendant failed to respond to the discovery, and Defendant's counsel, James L. Homich, Esq., refused to respond to the undersigned's repeated telephone calls and emails about the discovery, Plaintiff filed his Motion to Compel (DE 26) on March 4, 2021. After the Motion to Compel was filed, Defendant filed its responses to Plaintiff's Request to Defendant Pursuant to Rule 34 (DE 31) and Plaintiff's First Request for Production (DE 32), both of which are attached hereto as Exhibit "C".

Number 17 of the request for production requested: "Records and statements from banks or other financial institutions wherein Defendant had/has an account for the past three years, including but not limited to Defendant's checking account.", Defendant's response stated: "Statements to be provided upon receipt from storage".

Plaintiff's Motion to Compel was granted on March 30, 2021 (DE 33). The Court's Order granting Plaintiff's Motion to Compel ordered Defendant to produce all requested discovery documents on or before **April 5, 2021** and required the parties to confer to schedule the inspection of the defendant's property.

## II. THE DISCOVERY AT ISSUE AND COMMUNICATIONS WITH MR. HOMICH AFTER THE MOTION TO COMPEL WAS GRANTED

On March 31, 2021, the undersigned sent an email to Mr. Homich stating:

"As you know, the Court has ordered all requested discovery documents produced on or before April 5, 2021. We assume that by that time you will produce all of the requested bank statements, etc. Having said this, it is somewhat unusual for an ongoing business to possess no records or statements at all from any bank or financial institution, including its active recent checking account records/statements, which are, in the usual course, received, and reviewed, monthly (and usually available online) and that even the recent statements have been placed in storage. Hopefully this will not be an issue.

We are in the process of coordinating the rescheduling, with an expert, of the previously noticed Rule 34 inspection. I will call you soon to confer to schedule the inspection, as ordered by the Court.'

Although there was no substantive response to the above email, there was an automated response stating that "Mr. James L. Homich, Lawyer, will be unavailable until April 5[th]". In light of the foregoing, the undersigned waited until April 5, 2021 for a response or to further correspond with Mr. Homich. Having received no response, on April 5, 2021 the undersigned sent an email to Mr. Homich stating:

"We have made arrangements for the previously noticed Rule 34 inspection of the facilities at issue to occur on Thursday, April 8, 2021 at 3:30 p.m.

> Please confirm that the foregoing is acceptable. If not, please call me today to confer on the scheduling.
>
> Thank you."

Mr. Homich, again, did not respond to the undersigned's email therefore, on April 6, 2021, the undersigned called Mr. Homich, leaving a voicemail, and sent an email to Mr. Homich stating:

> "This follows up on my March 31, 2021 email, yesterday's email, and the voicemail that I just left for you requesting that you call me to confer on the outstanding discovery issues so that we may obtain the discovery that our client is entitled to without further discovery motion practice.
>
> I again request that you call me to confer.
>
> Thank you."

Once again, since Mr. Homich did not respond the undersigned's email, or voicemail, on April 7, 2021, the undersigned called Mr. Homich, leaving a voicemail, and sent another email to Mr. Homich, stating:

> "This follows up on my March 31, 2021 email, Monday's email, the email and voicemail that I left for you yesterday, and the voicemail that I left for you this morning, all relating to the outstanding discovery. You have still never answered *any* of our calls or returned any voicemails that we have left for you since the start of this litigation. We don't know why, but this is extremely unusual to say the least.
>
> We have not received the requested documents. We have not received any bank/financial institution statements at all, not even recent statements dealing directly with ongoing business operations, all of which must be produced and should not be in storage or otherwise unavailable.
>
> As to the requested Rule 34 inspection, we are all still keeping Thursday, tomorrow, open as previously requested, and would like to proceed at that time. Please confirm that this is acceptable.
>
> I again request that you call me to confer on the above matters so that we may obtain the discovery that our client is entitled to without further delay and/or discovery motion practice.
>
> Thank you."

Mr. Homich did not respond to the above voicemail or email and, consistent with the ten attempts, by email and telephone, to confer on the Motion to Compel, Mr. Homich continues to refuse to confer on the subject discovery issues,

### III. DEENDANT AND ITS COUNSEL, JAMES HOMICH, SHOULD BE HELD IN CONTEMPT, DEFENDANT SHOULD PERMIT THE RULE 34 INSPECTION OF THE PREMISES, ANY POTENTIAL DEFENSE RELATED TO FINANCIAL ISSUES SHOULD BE DISALLOWED, AND ATTORNEYS' FEES AND SANCTIONS SHOULD BE AWARDED

Rule 37, Federal Rule of Civil Procedure, provides, in relevant part:

"(b) **Failure to Comply with a Court Order**.

(2) *Sanctions in the District Where the Action Is Pending*.

(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent-or a witness designated under *Rule 30(b)(6)* or *31(a)(4)*-fails to obey an order to provide or permit discovery, including an order under *Rule 26(f)*, *35*, or *37(a)*, the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

A district court has broad authority under Rule 37 to control discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). "Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to [ensure] the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982).

"Instead of or in addition to [such sanctions], the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

Although default judgment is a sanction of "last resort," such a heavy sanction is appropriate when the disobedient party's noncompliance with a discovery order is willful, flagrant, or in bad faith. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1543 (11th Cir. 1985) (citations omitted). The disobedient party's noncompliance with the discovery order cannot be caused by simple negligence, a misunderstanding, or the inability to comply with the discovery order. *Malautea,* 987 F.3d at 1542. Also, the district court must determine that available less drastic sanctions would not be effective in ensuring compliance with the court's orders. *Id.* But when the noncompliant party demonstrates "a flagrant disregard for the court and the discovery process," the "severe" sanctions of default and dismissal are not an abuse of discretion. *Aztec Steel Co.*, 691 F.2d at 481.

In light of Defendant and its counsel, Mr. Homich, violating this Court's Order (DE 33) in failing to produce the crucial financial documents sought in request 17 of Plaintiff's Request for Production of Documents on or before April 5, 2021, and their refusal to confer, despite repeated attempts, Defendant should be barred from asserting any defenses to Plaintiff's claim that involve Defendant's finances.[1]

---

[1] Defendant has had since January 21, 2021, the date of the request, to produce the financial documents at issue, none of which have been produced. As evidence of bad faith, at a minimum, Defendant would have received, and could have easily produced, the bank statements for January, February, March, and April, all of which would have been received by Defendant subsequent to the request, negating any claim that any of the documents were in storage or any other inability to comply with this Court's Order (DE 33).

As to the inspection of Defendant's premises, Plaintiff has now twice arranged the inspection, resulting in Defendant, both times, disregarding the arrangements, initially by ignoring the formal Rule 34 inspection request and then, despite a Court order requiring conferral on the inspection, by ignoring the proposed inspection for today, as well as the invitation to confer to schedule the inspection if today's inspection was not possible.

Defendant and its counsel have disregarded the discovery process, exhibiting a willful disregard for the Federal Rules of Civil Procedure, the Local Rules of this Court, and have flagrantly violated this Court's Order (DE 33), all while ignoring each and every attempt, by email and telephone, at conferral, forcing motion practice.[2] In light of the foregoing, significant sanctions are appropriate, as lesser sanctions have proven to be ineffective.

## IV. CONCLUSION

Defendant and its counsel have had ample opportunity to comply with their discovery obligations under the Federal Rules of Civil Procedure and this Court's orders. Defendant and its counsel have ignored their obligations under the rules and have proceeded in bad faith. There is no justification for such conduct and Defendant should be compelled to permit the inspection of its premises and be prohibited from introducing any defense based upon its finances. For these same reasons, an award of attorney's fees against Defendant and its counsel is appropriate.

WHEREFORE, Plaintiff respectfully requests that this motion be granted as specified above, along with such other and further relief as this court deems just and proper.

---

[2] As additional indicia of bad faith, and/or the cavalier approach to the issues before the Court, in response to the Court's Show Cause Order (DE 28), Defendant responded to the Order, in part, by claiming documents were unavailable "due to the voluminous request" and "the need to redact personal information". The total number of documents produced, virtually all comprised of three tax returns, is 70 pages, none of which have been redacted. The response also claimed that non-compliance was due to the unavailability of Plaintiff's representative, which, upon being alerted to the misstatement by the undersigned and the intent to bring it to the Court's attention, was amended to state that it was the Defendant's representative who was unavailable (although no explanation was provided).

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that counsel for the movant has attempted, four times by email, and two times by telephone, to confer with counsel for the Defendant in a good faith effort to resolve the issues without court action but Defendant's counsel has been unavailable and has not responded.

s/Drew M. Levitt
DREW M. LEVITT
Florida Bar No. 782246
drewmlevitt@gmail.com
LEE D. SARKIN
Florida Bar No. 962848
LSarkin@aol.com
4700 N.W. Boca Raton Boulevard, Ste. 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

s/Drew M. Levitt

## SERVICE LIST

James L. Homich, Esq.
jhomich@earthlink.net
621 E. Fifth Avenue
Mount Dora, Florida 32757
Telephone (352) 383-3031
Attorney for Defendant
Via CM/ECF