UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 5:20-cv-227-Oc-30PRL

DAVID POSCHMANN,

    Plaintiff,

v.

UNIFIED ENTERPRISES, LLC

    Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby propounds his First Request for Production to Defendant and requests that it produce the following documents within the time prescribed by law:

## INSTRUCTIONS

(a) All documents produced pursuant hereto are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

(b) Each draft, final document original, reproduction, and each signed and unsigned document and every additional copy of such document where such copy contains any commentary, note, notation or other change whatsoever that does not appear on the original or on the copy of the one document produced shall be deemed and considered to constitute a separate document.

(c) When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

## DEFINITIONS

A. All references to any "Person" includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated companies and any other person or entity or representative acting or purporting to act on behalf or under his/her/its control.

B. "You" or "Your" refers to the person or entity to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated

**EXHIBIT B**

companies, and other persons acting or purporting to act on their or its behalf, including their or its representatives.

C. "Document(s)" shall be deemed to include every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to, all originals, non-identical copies and drafts of the requested items, whether printed, handwritten, typed, recorded, or stored on any electronic device or medium or form of data, or reproduced by hand.

D. "Communication" means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

E. "Related to" or "Relating to" shall mean directly or indirectly, refer to reflect, described, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

F. Defendant shall mean the above-named Defendant to whom this request is being made.

G. "Property" shall mean the real property and improvements described in paragraph 4 of Plaintiff's Complaint in this matter.

## THE REQUESTED DOCUMENTS TO BE PRODUCED ARE AS FOLLOWS:

1. Documents identifying any alterations, renovations or improvements to the Property by any person or entity since January 26, 1992.

2. Blueprints, site plans and architectural renderings for the Property showing the number of and location of any stores, rooms, entrances, routes and bathrooms at the Property.

3. Checks or other evidence of payment for any action taken to improve or alter the Property to achieve compliance with the ADA or otherwise provide increased accessibility at the Property for disabled persons.

4. Estimates for the cost and scope of the work that Defendant has determined needs to be done for the Property to comply with the ADA or the applicable ADA Standards.

5. Certificates of Occupancy for the Property.

6. Applications for a building permit for all or any part of the Property or any improvement thereto since January 26, 1992.

7. Documents exchanged with any contractor or subcontractor or other provider of materials or services used to perform any improvements or alterations to any part of the Property since January 26, 1992, including, but not limited to, invoices, plans, blueprints and correspondence.

8. Architectural plans used in conjunction with any improvements or alterations to any part of the Property since January 26, 1992.

9. Reports, analyses or communications from any person or entity that inspected the Property to identify the existence of (or lack of) of ADA violations at the Property or the failure to comply with any applicable ADA Standards.

10. The Federal income tax returns, including all schedules thereto, filed by Defendant for each of the past three years.

11. Financial statements of Defendant prepared within the past three years, including but not limited to profit and loss statements and balance sheets.

12. Applications made by Defendant to any lender, or potential lender, within the past three years.

13. Documents evidencing the number of employees or independent contractors utilized by Defendant during the past three years, including documents showing each person's name and address and time of employment.

14. Documents showing distributions or other monies paid to owners of Defendant or to their family or affiliates in the past three years.

15. The cash receipts and cash disbursements journal for Defendant for the past three years.

16. The general ledger for the Defendant for the past three years.

17. Records and statements from banks or other financial institutions wherein Defendant had/has an account for the past three years, including but not limited to Defendant's checking account.

18. QuickBooks or any other accounting or bookkeeping software records for Defendant for the past three years.

19. Documents identifying any accountant or bookkeeper used by Defendant in the past three years.

20. Documents showing the ownership of Defendant.

21. Communications regarding Defendant with the Internal Revenue Service within the past three years.

22. Communications with any entity or person, including any public or private board, agency or entity dealing with, advising on, or governing historic properties, regarding any alterations or improvements to the Property, or proposed alterations or improvements to the Property, including alterations or improvements to improve accessibility at the Property, threatening or destroying the historic significance of the Property, or any part thereof.

23. Documents discussing or explaining the historic significance of the Property.

24. Communications with any public or private board, agency or entity dealing with, advising on, or governing historic properties, regarding the historic significance of the Property, including any communications regarding the obtaining of any historic designation for the Property.

25. Documents containing reports, analyses, and/or communications regarding alternative methods of access in lieu of barrier removal.

26. Documents discussing that one or more ADA violations at the Property, or one or more ADA Standards not being met, cannot be remedied due to remediation not being readily achievable.

27. Estimates or other communications discussing or stating the cost and/or scope of the work that must be done, or that is recommended to be done, for the Property to comply with the ADA Standards.

28. Documents showing the number of employees or independent contractors utilized by Defendant during the past three years including, but not limited to, unemployment tax returns, employee/independent contractor ledgers or payroll/accounts payable records.

29. Mortgages, and the promissory notes secured thereby, encumbering the Property.

> s/Drew M. Levitt
> DREW M. LEVITT
> drewmlevitt@gmail.com
> Florida Bar No. 782246
> LEE D. SARKIN
> Lsarkin@aol.com
> Florida Bar No. 962848
> 4700 N.W. Boca Raton Blvd., Suite 302
> Boca Raton, Florida 33431
> Telephone (561) 994-6922
> Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2021 the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

> s/Drew M. Levitt

## SERVICE LIST

James L. Homich, Esq.
jhomich@earthlink.net
621 E. Fifth Avenue
Mount Dora, Florida 32757
Telephone (352) 383-3031
Attorney for Defendant
Via Email and U.S. mail