UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:20-cv-227-JSM-PRL

DAVID POSCHMANN,

                Plaintiff,

     v.

UNIFIED ENTERPRISES, LLC

              Defendant.

_____/

## LOCAL RULE 3.01(g)(3) SUPPLEMENT TO PLAINTIFF'S MOTION FOR CONTEMPT AND FOR ATTORNEYS' FEES AND SANCTIONS (DE 37)

Plaintiff, David Poschmann, by and through his undersigned counsel, pursuant to Local Rule 3.01(g)(3), supplements Plaintiff's Motion for Contempt and for Attorneys' Fees and Sanctions (DE 37) ("Plaintiff's Contempt Motion") and certifies as follows:

On April 8, 2021, after Plaintiff's Motion for Contempt was filed, Mr. Homich provided access to the bank statements previously ordered to be produced (DE 33), which were part of the subject-matter of Plaintiff's Motion for Contempt. Mr. Homich also stated, by email: "I would be happy to schedule a visit next week…. Please let me know what day you would like to do the inspection." Mr. Homich added the following condition to the inspection: "Please also provide the names, addresses and role of any individuals who will be attending. I expect all inspectors to be fully vaccinated."

On April 9, 2021, at 10:00 a.m., the undersigned sent an email to Mr. Homich stating: "We have arranged for the Rule 34 inspection this Monday, April 12 at 4:00 p.m. Please confirm." Mr. Homich responded by stating that his interpretation of the Rule 34 Request was that access to the guestrooms of the hotels was not requested and that an appropriate demand

would need to be made. After exchanging emails, Mr. Homich stated: "we will not object to" inspecting the guest rooms but it will take more planning and April 12, 2021 is not available. The undersigned had previously asked for the basis for placing conditions on the inspection and making the demands/inquiries and agreed that counsel and the ADA expert would wear masks and that if anyone elected to accompany them there would be no reason to be anywhere near six feet from them. Mr. Homich responded as follows and stated that masks and social distancing were not enough: "Obviously, Covid-19 is the basis for the safety conditions placed upon the inspection as set out in my response two weeks ago.  If they are not vaccinated, i [sic] could accept a negative test within 24 hours of the inspection to enter the premises." As to scheduling, Mr. Homich stated that his client would be providing dates for the inspection on Monday.

On Monday, April 12, 2021, having not heard further from Mr. Homich, the undersigned sent an email to Mr. Homich stating: "Please provide us with the available dates for the Rule 34 inspection of the property, including the guest rooms. Once we receive this, we can discuss, preferably by telephone, which will be quicker and more efficient, the conditions that you are unilaterally placing on the inspection. Please also advise us on your position on the pending motion. If you do not agree to all of the relief requested, we are required to confer, which I am available to do today, preferably by telephone. If you agree to the relief requested, please let us know. Thank you."

On April 13, 2021, having not heard from Mr. Homich, the undersigned called and left a voicemail, requesting a conferral. Mr. Homich responded by email, providing three proposed dates for the Rule 34 inspection, and by adding another condition to the inspection: "If my clients receive a booking for those dates they will need to reschedule." The undersigned responded as follows: "As to the conditions you added, there were no conditions placed on the

inspection in the Court's Order and we don't think that you have the power to add them. Having

said this, to move on, the expert will get tested for Covid and have a negative result within one

week of the inspection. We cannot be expected to retain an expert and block a day of our own for

the inspection, only to have it cancelled/rescheduled if your client gets a booking. That is

unreasonable and unacceptable. Please confirm that the testing procedure outlined above is

acceptable and that the cancellation/rescheduling condition is dropped and we will

immediately inquire about the dates and get back to you." There has been no response to the

above email.

s/Drew M. Levitt
DREW M. LEVITT
Florida Bar No. 782246
drewmlevitt@gmail.com
LEE D. SARKIN
Florida Bar No. 962848
LSarkin@aol.com
4700 N.W. Boca Raton Boulevard, Ste. 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record identified in the Service List in the manner specified.

s/Drew M. Levitt

## SERVICE LIST

James L. Homich, Esq.
jhomich@earthlink.net
621 E. Fifth Avenue
Mount Dora, Florida 32757
Telephone (352) 383-3031
Attorney for Defendant
Via CM/ECF