UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DAVID POSCHMANN,**

    Plaintiff,

v.                                              Case No: 5:20-cv-227-JSM-PRL

**UNIFIED ENTERPRISES, LLC,**

    Defendant.

## ORDER

Before the court are two discovery matters: (1) the attorney's fees to be awarded to Plaintiff pursuant to the court's order on his motion to compel (Doc. 33), and (2) Plaintiff's motion for contempt, attorney's fees, and sanctions due to the defendant's failure to comply with this court's Order. (Doc. 37). The court will discuss each in turn.

**1. Attorney's Fees**

On March 30, 2021, the court granted Plaintiff's motion to compel and ordered Defendant to pay to the plaintiff the reasonable attorney's fees and expenses incurred in preparing and filing the motion. (Doc. 33). The court directed the plaintiff to file an affidavit supporting the request for fees and expenses and permitted the defendant to file a response in opposition ten days thereafter. As directed, Plaintiff filed the Affidavit of Attorney Drew M. Levitt. (Doc. 34). Defendant filed a response in opposition and disputes the number of hours the plaintiff's attorney worked on the motion. (Doc. 41).

While Plaintiff has a right to attorney's fees incurred, the court has a corresponding duty to ensure that such an award is reasonable. In determining a reasonable attorney's fee, the Court applies the federal lodestar approach, which is calculated by multiplying the number

of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). The Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Defendant only challenges the hours expended on the motion. The attorney fee applicant should present records detailing the amount of work performed and "[i]nadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Rowe*, 472 So.2d at 1150. Then, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." *Rynd v. Nationwide Mut. Fire Ins. Co.,* No. 8:09-cv-1556, 2012 WL 939387, at *3 (M.D. Fla. Jan. 25, 2012) (quoting *Centex-Rooney Const. Co., Inc. v. Martin Cty.*, 725 So.2d 1255, 1259 (Fla. 4th DCA 1999). Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv.*

*Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*

Plaintiff's attorney, Mr. Levitt, spent 5.6 hours working on the motion and is seeking $350 an hour. (Doc. 36-1). The hours consist of 1.4 hours calling Mr. Homich, the defendant's attorney, leaving voicemails, and drafting and reviewing emails about the discovery motions; 2.5 hours researching and drafting the motion; .5 hour reviewing the court's orders and the defendant's responses; and 1.2 hours emailing Mr. Homich about the discovery motion and drafting a supplement to the motion to compel. Plaintiff seeks a total of $1,960.00 for preparing the motion and related work. (Doc. 36-1).

The court finds that 5.6 hours are a reasonable number of hours expended for preparing the motion, under the circumstances. Mr. Levitt spent a significant amount of time attempting to confer with Mr. Homich about the discovery issues in an effort to avoid filing the motion to compel. Additionally, having considered the experience of counsel, the location of the practice, and the court's knowledge of market rates in the Ocala Division, the court agrees that the requested hourly rate of $350.00 is appropriate.

Accordingly, **within ten days of this Order**, Defendant shall pay to Plaintiff **$1,960.00** which represents the reasonable attorney's fees and expenses incurred in the preparation and filing of the Plaintiff's motion to compel.

### 2. Plaintiff's Motion for Contempt, Attorney's Fees, and Sanctions

On March 30, 2021, the court granted Plaintiff's motion to compel and ordered the defendant to produce all requested discovery documents on or before April 5, 2021 and ordered the parties to confer about scheduling the inspection about the defendant's property.

(Doc. 33). Plaintiff now claims that the defendant has failed to comply with the court's order. (Doc. 37).

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the court may issue an order awarding sanctions if, when as here, a party fails to obey an order to provide or permit discovery. Accordingly, the court finds that sanctions are appropriate.

On March 26, 2021, the defendant responded to the court's order to show cause and noted that it anticipated providing the requested discovery documents within the next 10 days. (Doc. 29). Taking the defendant's statement into account, the court ordered the defendant to provide the requested documents on or before April 5, 2021. (Doc. 33). Defendant claims it provided all of the discovery on March 27, 2021 with the exception of the requested bank statements. (Doc. 40). Plaintiff's attorney, Mr. Levitt, asserts that he attempted to reach Defendant's attorney, Mr. Homich, ten times between March 31, 2021 and April 7, 2021 to discuss the outstanding discovery requests. (Doc. 37). Mr. Homich provided several reasons as to why he did not timely respond to Mr. Levitt: he was on vacation, he became ill, he had to assist his mother with a medical visit, and the internet was not functioning. (Doc. 40). Mr. Homich provided the remaining bank statements on the first day he was able to do so.

While the court understands that unexpected events arise, the parties should strive to communicate about these events in order to avoid unnecessary motions practice. Plaintiff requests that the defendant be barred from asserting any defenses on Plaintiff's claims involving Defendant's finances. However, a blanket bar on the defendant's ability to assert any defenses on claims involving its finances is not warranted at this time. Instead, the court will require the defendant and Mr. Homich to pay the plaintiff's attorney's fees and costs incurred in preparing the instant motion.

As to the inspection of Defendant's premises, Mr. Homich has requested that the inspector either be vaccinated for COVID-19 or show proof of a negative test taken within 24 hours of the inspection. Additionally, Mr. Homich told Mr. Levitt that if the defendant received any bookings for the proposed inspection date, they would have to reschedule. After considering these conditions, Mr. Levitt agreed that the expert would be tested within one week of the inspection, and that all parties would wear masks and social distance during the inspection. Mr. Levitt would not agree to retaining an expert for an inspection with the risk of having it rescheduled if the defendant received a booking. The court agrees with these proposed conditions.

Accordingly, **within ten days** of this Order, the parties shall confer to schedule an inspection. The defendants should not accept bookings on the date of the inspection for the rooms that will be inspected. Mr. Levitt has agreed to have the expert be tested for COVID-19 within one week of the inspection, and that all parties attending the inspection would wear masks and social distance. No additional conditions should be placed on the inspection.

Local Rule 3.01(g) provides that "[b]efore filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion." The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1 (M.D. Fla. Aug. 14, 2000). The court expects counsel to comply with both the letter and spirt of Local Rule

3.01(g). The parties exchanged many emails but did not specify that they ever spoke in person or by telephone to resolve the disputed issues.

Moreover, the parties are reminded that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the court are justifiably proud of the courteous practice that is traditional in the Middle District." Middle District Discovery (2015) at 3. Cooperation, courtesy, civility—these ideals should be strived for by all parties, even the parties here, on both an individual and a collective basis. Being cooperative, courteous, and civil doesn't mean that parties can't be adversarial, or attorneys anything less than zealous advocates.

Generally, as the comments to the 2015 Amendment acknowledge, "discovery will be effectively managed by the parties." *Id.* As the comments also acknowledge, however, "there will be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own." *Id.* Here, a simple phone call may have resolved the issues regarding the inspection and the delay in providing the financial documents.

Accordingly, Plaintiff's motion (Doc. 37) is granted to the extent that Defendant shall promptly schedule an inspection of its property in accordance with this Order and Mr. Homich and the defendant shall pay all costs and fees incurred by Plaintiff in making the instant motion.

Within ten days, Plaintiff should file the appropriate motion to collect expenses under Rule 37(b)(2)(C), and Defendant may file a response within seven days thereafter.

**DONE** and **ORDERED** in Ocala, Florida on April 21, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties